UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

| | |
|---|---|
| **MANASESLI ZAPATA,**  *Plaintiff,*  v.  **EXPERIAN INFORMATION SOLUTIONS, INC.,**  *Defendant.* | Case Number: 6:24-cv-288  **JURY TRIAL DEMANDED** |

## COMPLAINT AND DEMAND FOR JURY TRIAL

COMES NOW the Plaintiff, **Manasesli Zapata** ("**Ms. Zapata**"), by and through her attorneys, Seraph Legal, P.A., and complains of the Defendant, **Experian Information Solutions, Inc.** ("**Experian**" or "**Defendant**"), stating as follows:

### PRELIMINARY STATEMENT

1. This is an action brought by Ms. Zapata against the Defendant for violations of the Fair Credit Reporting Act, 15 U.S.C. § 1681, *et seq.* ("**FCRA**").

### JURISDICTION AND VENUE

2. Subject matter jurisdiction arises under the FCRA, 15 U.S.C. § 1681p, and 28 U.S.C. § 1331.

3. The Defendant is subject to the provisions of the FCRA and is subject to the jurisdiction of this Court pursuant to § 48.193, Fla. Stat. and Fed. R. Civ. P. 4(k).

4. Venue is proper in the Middle District of Florida pursuant to 28 U.S.C. § 1391(b)(2) because the acts complained of were committed and / or caused by the Defendant within Orange County, which is in the Middle District of Florida.

## PARTIES

5. Ms. Zapata is a natural person residing in Orlando, Florida.

6. Ms. Zapata is a *Consumer* as defined by the FCRA, 15 U.S.C. § 1681a(c).

7. Experian is an Ohio corporation, with a principal business address of 475 Anton Boulevard, Costa Mesa, CA 92626.

8. Experian is registered to conduct business in the State of Florida, where its Registered Agent is CT Corporation System, 1200 South Pine Island Rd., Plantation, FL 32301.

9. Experian is a nationwide Consumer Reporting Agency ("**CRA**") within the meaning of the FCRA, 15 U.S.C. § 1681a(f), in that it, for monetary fees, dues, or on a cooperative nonprofit basis, regularly engages in whole or in part in the practice of assembling or evaluating consumer credit information or other information on consumers for the purpose of furnishing consumer reports to third parties, and uses various means of interstate commerce for the purpose of

preparing or furnishing consumer reports, specifically including mail and telephone communications.

## FACTUAL ALLEGATIONS

### Duplicate Tradelines

10. In November 2022 Ms. Zapata obtained an Amex® credit card purportedly issued by Credit One Bank (the "Account," Credit One Bank hereafter referred to as "Credit One").

11. Beginning December 2022 through the present date, the servicer of the Account has reported the Account monthly to each of Experian, Equifax, and Trans Union, the "Big Three" consumer reporting agencies.

12. Equifax and Trans Union incorporated the data provided by the servicer of the Account into a single tradeline.

13. At some point, Experian began incorporating a second tradeline representing the Account into Ms. Zapata's File.

14. As a result, Experian reported the Account twice.

15. In November 2023, Credit One charged off the Account.

16. Both tradelines indicate that Ms. Zapata opened the Account in November 2022, that the Account was charged off, with $867 written off, and that the Account was an individual credit card account. **SEE PLAINTIFF'S EXHIBIT A.**

17. Ms. Zapata did not open two Amex® credit cards issued by Credit One in November 2022, both of which were charged off in the amount of $867.

18. Indeed, the First and Second Credit One Tradelines represent the same underlying account.

19. As the reported account information for both tradelines was almost entirely identical, Experian knew, or should have known, that the data furnished to it by the servicer of the Account related to a single underlying account.

20. Despite the obvious duplication of the underlying account information, Experian has reported both Credit One Tradelines in reports sold regarding Ms. Zapata.

21. Experian's inclusion of the duplicate tradelines caused significant harm to Ms. Zapata's credit scores, as a higher number of charged-off accounts on a consumer's report adversely affects the consumer's scores.

22. Likewise, Experian's inclusion of the duplicate tradelines increased the amount of debt reported, adversely affecting Ms. Zapata's debt-to-income ratios.

23. Experian, as a CRA, has a legal duty to invoke procedures to assure the maximum possible accuracy of consumer reports sold. See 15 U.S.C. § 1681e(b).

24. Experian's duplication of reported account information is inherently unreasonable.

25. Experian is well aware of the flaws in its software which frequently fail to catch and remove repeat tradelines from appearing on consumers' credit report.

26. Experian has been sued in the past for selling consumer reports containing duplicate tradelines.

27. Experian's policies contrast significantly with those employed by Equifax and Trans Union, the other two of the "Big Three" CRAs, which reported only one instance of the Account.

28. In March 2023, Ms. Zapata visited Courtesy Toyota Scion, seeking to purchase and finance an automobile.

29. Courtesy Toyota Scion purchased a consumer report regarding Ms. Zapata from Experian.

30. On information and belief, Experian's consumer report to Courtesy Toyota Scion included both tradelines.

31. Experian thus failed to use reasonable procedures when preparing the credit report sold to Courtesy Toyota Scion.

32. As a result of Experian's failure to prepare reports utilizing procedures to assure maximum possible accuracy, Ms. Zapata could not proceed with financing an automobile.

33. Ms. Zapata has also suffered severe emotional distress, embarrassment, damage to her reputation and an inability to apply for new credit.

34. Ms. Zapata has hired the undersigned law firm to represent her in this matter and has assigned the firm her right to fees and costs.

## COUNT I
## EXPERIAN'S WILLFUL VIOLATION OF THE
## FCRA, 15 U.S.C. § 1681e(b)

35. Ms. Zapata adopts and incorporates paragraphs 1 – 34 as if fully stated herein.

36. Experian violated **15 U.S.C. § 1681e(b)** when it failed to follow reasonable procedures to assure maximum possible accuracy of consumer reports sold regarding Ms. Zapata when Experian sold consumer reports which contained a duplicate tradeline regarding an Amex® credit card issued by Capital Bank, with a charged-off balance.

37. Experian has been sued before for identical conduct, and is thus aware that its procedures for ensuring accuracy of reports are flawed.

38. Experian's conduct was thus willful and intentional, or, alternately, was done with reckless disregard for its duties under the FCRA to provide reports with maximum possible accuracy.

39. Accordingly, Experian is liable, pursuant to 15 U.S.C. § 1681n, for the greater of Ms. Zapata's actual damages or statutory damages of $1000 per violation, plus punitive damages, reasonable attorneys' fees, and costs.

**WHEREFORE,** Ms. Zapata respectfully requests this Honorable Court enter judgment against Experian for:

a. The greater of Ms. Zapata's actual damages and statutory damages of $1,000 per violation pursuant to 15 U.S.C. § 1681n(a)(1)(A);

b. Punitive damages pursuant to 15 U.S.C. § 1681n(a)(2);

c. Reasonable costs and attorneys' fees pursuant to pursuant to 15 U.S.C. § 1681n(a)(3); and,

d. Such other relief that this Court deems just and proper.

## COUNT II
## EXPERIAN'S NEGLIGENT VIOLATION OF THE
## FCRA, 15 U.S.C. § 1681e(b)
## Plead in The Alternative to Count I

40. Ms. Zapata adopts and incorporates paragraphs 1 - 34 as if fully stated herein.

41. Experian violated **15 U.S.C. § 1681e(b)** when it failed to follow reasonable procedures to assure maximum possible accuracy of consumer reports sold regarding Ms. Zapata when Experian sold consumer reports which contained

a duplicate tradeline regarding an Amex® credit card issued by Capital Bank, with a charged-off balance.

42. Experian owed Ms. Zapata a legal duty to utilize procedures to assure the maximum possible accuracy of consumer reports sold regarding her.

43. Experian breached this duty when it utilized procedures which resulted in two tradelines representing the same underlying account appearing on reports sold regarding Ms. Zapata.

44. As such, Ms. Zapata is entitled to her actual damages pursuant to 15 U.S.C. § 1681o.

**WHEREFORE,** Ms. Zapata respectfully requests this Honorable Court enter judgment against Experian for:

    a. Ms. Zapata's actual damages pursuant to 15 U.S.C. § 1681o(a)(1);

    b. Reasonable costs and attorneys' fees pursuant to pursuant to 15 U.S.C. § 1681o(a)(2); and,

    c. Such other relief that this Court deems just and proper.

## JURY TRIAL DEMANDED

Ms. Zapata hereby demands a trial by jury on all issues so triable.

Respectfully submitted on **February 9, 2024**, by:

**SERAPH LEGAL, P. A.**

*/s/ Bryan J. Geiger*
Bryan J. Geiger, Esq.
Florida Bar No.: 119168
BGeiger@seraphlegal.com
2124 W. Kennedy Blvd., Suite A
Tampa, FL 33606
Tel: 813-567-1230
Fax: 855-500-0705
*Attorneys for Plaintiff*

## EXHIBIT LIST

A Ms. Zapata's Experian Consumer Disclosure, January 4, 2024, Credit One Tradelines - Excerpts